VON SCOTER v. MEGGINSON.*

(Division B. Nov. 22, 1926.)

[110 So. 247. No. 25907.]

1. MASTER AND SERVANT. *Where employee was injured through breaking of cable of material elevator, not overloaded and recently inspected, doctrine of res ipsa loquitur was inapplicable.*

In a suit where an employee was injured in riding on a material elevator not intended for persons to ride on, and where the cable breaks with a much less weight than it was manufactured to carry, and there had been previous inspection shortly before the injury, it is error to apply the doctrine of *res ipsa loquitur.*

2. MASTER AND SERVANT. *Contractor, forbidding laborers to ride on material elevator, held not liable for injury to employee riding with permission of operator without contractor's knowledge.*

Where a contractor in constructing a building has a material elevator intended only for use in carrying the material on the building,

and where the employer has forbidden laborers to ride on such elevator, and they are permitted to ride by the person operating the elevator without knowledge of the contractor, the contractor is not liable for an injury resulting to such employee so riding on such elevator without authority of the contractor.

*Corpus Juris-Cyc. References:. Master and Servant, 39 C. J., p. 277, n. 49; p. 972, n. 88.

Appeal from circuit court of Harrison county.

Hon. W. A. White, Judge.

Action by J. T. Megginson against Ralph Von Scoter. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered.

*Carl Marshall,* for appellant.

An employer is not liable for an injury received by an employee from defectiveness of equipment in use and operation unless the employer knew of the defectiveness or was guilty of negligence in failing to discover it. *Miss. Central R. R. Co.* v. *Bennett,* 111 Miss. 163, 71 So. 310; *Hope* v. *Natchez etc., R. R. Co. et al.,* 98 Miss. 829, 54 So. 369; *Ten Mule Lumber Co.* v. *Garner,* 117 Miss. 814, 78 So. 776; *A. & V. R. R. Co.* v. *White,* 106 Miss. 141, 63 So. 345; *Lampton* v. *Atkins,* 129 Miss. 660, 92 So. 638.

The existence of the latent defectiveness and consequent occurrence of the accident in instances of this order do not create a *prima-facie* showing of liability, relieving the injured employee of the burden of proving the employer's knowledge of the defectiveness or his negligence in failing to discover it. 18 R. C. L., Master and Servant, section 73, pages 562-563; 39 C. J., Master and Servant, section 548, pages 430-432; *Jenkins* v. *St. Paul Ry. Co.,* 105 Minn. 504, 117 N. W. 928, 20 L. R. A. (N. S.) 401; *Kent* v. *Y. & M. V. R. R. Co.,* 77 Miss., 494, 27 So. 620; *G. C. & S. F. R. R. Co.* v. *Larkin,* 98 Tex. 225, 82 S. W. 1026.

The erroneous judgment appealed from resulted from appellee's misconception of the doctrine of *res ipsa loquitur,* its application and effect in the case, the trial court inadvertently adopting and applying this erroneous idea, as is manifested by the instruction granted for the appellee.

The doctrine of *res ipsa loquitur* did not apply to the case at all, so as to relieve the plaintiff from introducing some proof from which a reasonable inference might be drawn that the defendant knew of the defectiveness of the cable or could have discovered it by the exercise of reasonable care; and even if the doctrine of *res ipsa loquitur* was applicable in the trial below, the presumption created by it was wholly rebutted by uncontradicted and cogent evidence, entitling the defendant to a peremptory instruction. *Lampton* v. *Atkins, supra; Wheeler* v. *Laurel Bottling Works,* 111 Miss. 442, 71 So. 743; *Ten Mile Lumber Co.* v. *Garner, supra; A. & V. R. R. Co.* v. *White, supra; Hope* v. *Natchez, etc., R. R. Co., supra.*

And it is held in Mississippi that even when the presumption of negligence is created by a statutory extension of the rules of *res ipsa loquitur,* a peremptory instruction should be given for the defendant when the testimony without contradiction rebuts the presumption. *Krebs* v. *Pascagoula Street Ry. & Power Co.,* 117 Miss. 771. 78 So. 733; *Jenkins* v. *St. Paul City Ry. Co., supra; Frank O. Beebe, Executor,* v. *St. Louis Transit Co.* (Mo.), 103 S. W. 1019, 12 L. R. A. (N. S.) 760.

An additional ground upon which the defendant was entitled to a peremptory instruction is that the uncontradicted proof manifests that the defendant furnished ladders to the employees for their use in ascending to the place of their work as the construction progressed; and that with no orders to do so, and for his own convenience because he had appeared somewhat late that morning, the plaintiff elected to use the more hazardous method of ascending by the material elevator, which was clearly not designed to convey anything but material.

When an employee receives an injury by reason of the fact that he voluntarily works in an unsafe place when a safe place is furnished to him; or is injured because he put an appliance to an improper use, or one for which it was not designed; or voluntarily adopted a hazardous method of work when a safe course was open to him, the employer is not liable for the injuries consequently sustained by the employee, to warrant extensive argument or citation of authority. *Ten Mile Lumber Co.* v. *Garner,* 117 Miss. 814; *Ovett Land & Lumber Co.* v. *Adams,* 109 Miss. 740, 69 So. 499; *McKinnon* v. *Braddock* (Miss.), 104 So. 154.

*Mize & Mize,* for appellee.

That the breaking of the cable *prima facie* makes a case of liability is well established—the doctrine of *res ipsa loquitur* being applicable. *Groome* v. *A. & V. R. R. Co.,* 97 Miss. 201; *Gulf & Miss. Coast Traction Co.* v. *Hicks,* 116 Miss. 164; *Cleary* v. *Cavanaugh,* 219 Mass. 281; *Orcutt* v. *Century Bldg. Co.,* 214 Mo. 35. *The Bennett case,* 111 Miss. 163, the *Hope case,* 98 Miss. 829, and the *Garner case,* 117 Miss. 814, have no application here because the negligence of this defendant was in not making a reasonable inspection to ascertain if the cable was defective.

It cannot be doubted that this cable was defective; and whether or not a reasonable inspection would have disclosed that defect is a question for the jury; and whether or not a reasonable inspection was made is a question for the jury. The defendant was guilty of culpable negligence in failing to discover this defect.

As to the proposition that the defendant was entitled to a peremptory instruction because the proof shows that the defendant furnished ladders. to the employees for their use in ascending to their work, we submit that the record abundantly and overwhelmingly shows that the majority of the employees rode this elevator and that

it was there for their use; and, on the occasion of the injury, as testified to by Megginson and some of the other witnesses, it was more safe to use the elevator if it had been in proper condition than to have used the ladders.

*Whether a reasonable inspection of the cable was made is a question for the jury.* A mere casual inspection of the cable is not sufficient. *Yarborough v. Swift & Co., Ltd.,* 119 La. 344. See also *O'Connor & Co. v. Gillaspy,* 170 Ind. 428; *Corn Products Refining Co. v. King,* 94 C. C. A. 304; *Cleary v. Cavanaugh,* 219 Mass. 281; *Orcutt v. Century Bldg. Co.,* 214 Mo. 35. Also, on the question of inspection, see *First v. Capitol Park Realty Co.,* 29 A. L. R. 17-27; 4 Thompson on Negligence, sections 3783, 3784, 3789, 3901, 3902, 3903.

Therefore, we submit that this inspection was not a reasonable inspection, and that in this respect the defendant wholly failed to perform his duty, and that the cause should be affirmed as to liability, but should be reversed on the question of damages on the cross-appeal by appellee, as cross-appellant.

Ethridge, J., delivered the opinion of the court.

The appellee was plaintiff in the court below and sued for a personal injury resulting from a break of a cable used in carrying brick and other material up on a building being constructed, upon which building Megginson was workng as a brick mason. Megginson, at the time of his injury, was riding on this material elevator. The elevator was not intended to be used as a carrier of men, and the contractor, Von Scoter, had given orders for the men not to ride on this elevator. There were ladders for the men to use in going to work on the building and in coming off the building for any purpose. The man who operated the material elevator, in violation of his order not to let the men ride the elevator, did let some of them ride. The break in the wire cable which moved the elevator was about six feet from the elevator and a clear break. The cable was a five-eight strand wire.

The proof shows that it was inspected the day before the injury occurred, and was in good condition, with nothing to indicate that it was defective. This cable was supposed to have a break weight of eighteen thousand pounds; that is, it was represented that it would carry any weight under that number of pounds. Th cable and motor by which the elevator was operated had been in use for about six months and used irregularly. There was nothing to show that there was any reason to believe that it was defective in any respect as to the manner of its breaking. At the time of the breaking, it was carrying a wheel barrow of brick weighing about six hundred pounds and the weight of the plaintiff.

We think the doctrine *res ipsa loquitur* was not applicable to the facts here, and that, consequently, the court was in error in submitting this to the jury by instruction.

We are also of the opinion that the appellant, Von Scoter, was under no duty to the plaintiff at the time the injury occurred, and that the plaintiff was riding the elevator without authority and without the knowledge of Von Scoter. It is clear that the operator of the elevator had no authority to permit plaintiff to ride this elevator, and his act in so doing was not the act of a master. Consequently, we think the plaintiff had no cause of action, and that the judgment of the court below should be reversed and judgment rendered here for appellant.

Judgment reversed, and rendered here for appellant.

*Reversed.*